## W. A. Blakney and C. D. Morgan v. Maud Mundy.

1. APPELLATE COURT PRACTICE—*Objections to Evidence Must be Made in the Trial Court.*—An objection to the introduction of evidence must be made in the trial court; it can not be made in this court for the first time.

Blakney v. Mundy.

Assumpsit, on a promissory note. Trial in the Circuit Court of Wabash County; the Hon. PRINCE A. PEARCE, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

LEEDS & RAMSAY, attorneys for appellants.

MUNDY & ORGAN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a suit in assumpsit on a promissory note, the declaration alleging that the plaintiff is the owner of the note. Plea by defendant Morgan that he was surety and gave notice to sue. Plea by both defendants of non-assumpsit. Trial by the court and judgment for the amount of the note.

The note is as follows:

$100.

Twelve months after date, for value received, I promise to pay Lucinda Walser, or order, $100 with eight per cent interest from date until paid. If this note is not paid at maturity a reasonable attorney's fee shall be due; and if this note is put into judgment, shall be included therein.

Witness my hand this 15th day of October, 1889.

W. A. BLAKNEY.
C. D. MORGAN.

Indorsed, $8 interest paid on note.

The abstract in the case makes no reference to any judgment. An examination of the record, however, shows that a judgment was rendered, and while under the rules of this court we might affirm the judgment for lack of a complete abstract, we have considered the case upon the points presented by appellant.

It is urged that the plea of suretyship and notice by defendant Morgan is proved. But two witnesses testified as to notice, and their testimony is directly conflicting. It is true that the witness denying the alleged notice is the plaintiff, and the witness testifying to notice is apparently a disinterested witness.

But the court saw and heard them, and was for that reason better prepared to pass upon their credibility than we are.

It is also insisted that the court erred in refusing the first proposition of law asked by appellant; that the finding of the court is inconsistent with the proposition of law held by the court.

The refused proposition is as follows:

No. 1. " The plaintiff can not recover in her own name upon the promissory note, made payable to her mother, and in evidence in this suit."

The proposition held to be law is:

No. 2. " An heir can not maintain an action at law on a promissory note made payable to the ancestor in the absence of an assignment of the same; or in the absence of proof of due administration, payment of all debts against the estate of an ancestor, and a distribution of the proceeds; or that the plaintiff is the only heir."

Both propositions of law, as the case stood, might with propriety have been refused, as not pertinent to the case. The declaration, after alleging the making and delivery of the note to Lucinda Walser in the usual form, further alleges that the plaintiff, Maud Mundy, is now the owner of the note, and that the defendants, the makers of the note, promised to pay her the sum of money according to the tenor and effect of said note. To this defendants pleaded non-assumpsit, and made no objection to the introduction of the note in evidence.

Not having objected to its introduction in evidence, the question of the right of appellee to sue in her own name was not raised in the trial of the case, and can not therefore be raised in this court. Smith v. Moore, 3 Scam. 462.

For all we know, if it had been raised during the trial, appellee might have introduced testimony showing her right to sue under the conditions stated in proposition of law No. 2, above cited.

The only evidence introduced by appellee in the first instance was the note sued on.

The only evidence introduced by defendants was the witness Jacob Gupton, who testified that Morgan gave Lucinda Walser, the mother of Maud Mundy, the plaintiff, written notice as surety, to sue the note. Maud Mundy testified that she was present at the time mentioned and that no written notice was given.

As the case stands, the judgment must be and is affirmed.